IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jonathan Dennis Carter, #302994, ) | C/A NO. 0:07-3639-CMC-MAGCIV |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| South Carolina Department of Corrections; ) | |
| Jon Ozmint, Director of SCDC; Robert Ward; ) | |
| Associate Official; Russel Campbell, Medical ) | |
| Administrator; Stan Burtt, Warden of Lieber ) | |
| Correctional Institution; and A.J. Padula, ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation. However, this court retains the authority to withdraw the reference and proceed to consider Defendants' motion for summary judgment without a Report and Recommendation from a Magistrate Judge. Therefore, this court hereby withdraws the reference to a Magistrate Judge and proceeds to consider Defendants' summary judgment motion. For the reasons stated below, the court **grants** Defendants' motion for summary judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

**FACTS**

Plaintiff is incarcerated in the South Carolina Department of Corrections (SCDC) having been convicted of second degree burglary. Plaintiff was determined to be guilty but mentally ill, and, pursuant to South Carolina's "three strikes" law, is serving a life sentence. Plaintiff was admitted to the Department of Corrections in March 2006. He was briefly housed in the Gilliam Psychiatric facility, and was subsequently housed at Lieber Correctional Institution for a period of time. He is currently confined at Lee Correctional Institution.

Plaintiff contends that he has not been given adequate medical treatment for a variety of conditions and that Defendants' actions have exacerbated his deteriorating health. *See generally*, Complaint. Plaintiff asserts that SCDC "has continually, over and over[,] ignored my pleas for medical health care treatment for many months." Compl. at 8 (Dkt. # 1, filed Nov. 8, 2007). Plaintiff maintains that the entire medical system within SCDC is plagued by "mega disfunctions [sic] . . . which goes all the way to the top administration." *Id.* at 9. Plaintiff alleges that because of the allegedly inadequate care that he has received, his medical condition is deteriorating. *Id.* at

3

10. Plaintiff seeks no monetary damages; he reiterates throughout his filings that he is alleging "negligence in medical care treatment; [denial of] medical care [and] procrastinating [and] postponing to withholding test[s], procedures and specialist and emergency hospital care at a local hospital causing un-necessary [sic] months and months of painful physical body suffering . . . ." Dkt. # 29 at 1-2 (filed Jan. 18, 2008). In a response to Defendants' summary judgment motion, Plaintiff reiterates that the "focus" of his complaint is on alleged negligence, a purported lack of responsibility and denial of medical care and/or treatment by qualified medical personnel (*i.e.*, physicians) "with myself having life threatening heart and blood disease/life and death issue." Dkt. # 43 at 2 (filed Apr. 3, 2008). Therefore, liberally construing Plaintiff's complaint, *see Haines v. Kerner* 404 U.S. 519 (1972), Plaintiff is advancing the argument that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment.

### DEFENDANT SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

It is well-settled that an agency of the state is not a "person" within the meaning of § 1983, and thus is not a proper defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Defendant SCDC is dismissed from this action.

### OFFICIAL CAPACITY – ELEVENTH AMENDMENT IMMUNITY

Plaintiff does not indicate whether his suit is brought against the remaining individual Defendants in their official or individual capacities. This court cannot assume that the Complaint's silence infers that this suit is brought against these Defendants in their official capacities, as "the underlying inquiry [is] whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). "[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief

4

sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Id*.

However, it is not necessary to the resolution of this matter for this court to determine whether Plaintiff sues Defendants in their individual or official capacities. If the complaint were seeking monetary damages from Defendants in their official capacities, Defendants would be immune from suit. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989), the Supreme Court stated that § 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Elaborating on the interplay between § 1983 and the Eleventh Amendment, the Supreme Court in *Will* then noted that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. *Id.* at 70. Thus, the *Will* Court held that state officials, while acting purely in their official capacities, are entitled to Eleventh Amendment immunity. Accordingly, to the extent Plaintiff seeks any monetary damages against Defendants in their official capacities, Defendants are immune from suit.[1]

---

[1] The Supreme Court held in *Ex parte Young*, 209 U.S. 123 (1908), that the Eleventh Amendment does not bar a suit against a State official for prospective injunctive relief. In order to determine whether this doctrine applies, the court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n*, 535 U.S. 635, 645 (2002) (internal quotations omitted). A court does not consider the merits of a plaintiff's claims; it is enough that the complaint alleges an ongoing violation of federal law. *Id.* at 646. However, because this court finds there has been no violation of Plaintiff's Eighth Amendment rights, any claim for prospective injunctive relief is moot.

**SUPERVISORY LIABILITY**

Plaintiff asserts claims against the individual Defendants because they are supervisory personnel who Plaintiff believes are members of the "top administration." The court interprets this position to be an assertion of supervisory liability, that is, that these Defendants knew or should have known that SCDC medical personnel were allegedly deliberately indifferent to his serious medical needs. While an individual supervisor is responsible for his own acts, an individual supervisor is not liable for the acts of his employees under § 1983 unless there is an official policy or custom in place which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Supervisory liability "must be based on more than the right to control employees. Likewise, simple awareness of employees' [alleged] misconduct does not lead to supervisory liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citations and internal quotation marks ommitted). In the case at hand, Plaintiff has shown neither that these individual Defendants were responsible for the alleged deprivations nor that they were deliberately indifferent to or tacitly authorized the alleged deprivations. Accordingly, Plaintiff's supervisory liability claim fails.

**INDIVIDUAL CAPACITY – QUALIFIED IMMUNITY**

Even assuming, for the sake of argument, that the individual Defendants were somehow involved in the events giving rise to Plaintiff's complaint, they would be entitled to summary judgment in their individual capacities based upon qualified immunity.

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 818. Thus, determining whether an official is

entitled to qualified immunity requires that the court make a two-step inquiry "in proper sequence." *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). As a threshold matter, the court must determine whether, taken in the light most favorable to Plaintiff, the facts alleged show Defendants' conduct violated a constitutional right. *Id*. If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and Plaintiff cannot prevail. *Id*. If the facts do establish such a violation, however, the next step is to determine whether the right violated was clearly established at the time of the alleged offense. *Id*. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Id*. "If the right was not clearly established in the 'specific context of the case'–that is, if it was not 'clear to a reasonable officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he confronted'–then the law affords immunity from suit." *Id*. (quoting *Saucier*, 533 U.S. at 201).

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (noting that the Eighth Amendment protects against "deprivations" that are "suffered during imprisonment"); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment). To succeed on an Eighth Amendment conditions of confinement claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison officials acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298; *see Rish v. Johnson*, 131 F.3d 1092,

1096 (4th Cir. 1997); *Williams*, 77 F.3d at 761; *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).

With regard to inadequate medical attention, the objective component is satisfied by Plaintiff having a serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see Estelle*, 429 U.S. at 105; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

The subjective component is satisfied by showing deliberate indifference by prison officials. *Wilson*, 501 U.S. at 303 (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see Williams*, 77 F.3d at 761 (stating that "the subjective component requires proof of more than mere negligence but less than malice"). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see Amos*, 126 F.3d at 610 (stating that "prison officials [must] know of and disregard an objectively serious condition, medical need, or risk of harm"). A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Farmer*, 511 U.S. at 844; *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

8

In *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit expounded on a plaintiff's burden in proving an Eighth Amendment violation, noting that medical treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Even assuming these individual Defendants were somehow personally involved in Plaintiff's treatment, medical records reveal that SCDC medical personnel have been responsive to Plaintiff's complaints, whether the complaints be related to Plaintiff's chronic blood condition or otherwise. Plaintiff may disagree with the course of treatment and whether his repeated complaints have been dealt with as he believes they should have been. However, it simply cannot be said that medical personnel have been deliberately indifferent to Plaintiff's needs. Accordingly, Plaintiff's Eighth Amendment claim is without merit. Therefore, the individual Defendants in this matter are entitled to qualified immunity in their individual capacities.

### STATE LAW CLAIMS

To the extent Plaintiff's remaining claims are based on state law, the court's continued exercise of jurisdiction over these claims is premised on supplemental jurisdiction.

It is this court's customary practice to decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed in advance of trial. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). As the Fourth Circuit explained in *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir. 1996), the decision to decline the exercise of supplemental jurisdiction after dismissal of the original jurisdiction claim will "hinge on the moment within the litigation when the dismissal of the touchstone claim takes place . . . ." (*quoting* 28 U.S.C. § 1367, practice commentary (West 1993)). Where the original jurisdiction claim is dismissed before trial, the state claims should

be dismissed as well. *Gibbs*, 383 U.S. at 717; *Taylor*, 81 F.3d at 437. The court notes that 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any [state law claim asserted under 1367(a)] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."[2]

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the court dismisses any remaining state law claims without prejudice.

### CONCLUSION

For all these reasons, Defendants' motion for summary judgment is **granted**. Plaintiff's federal claims are dismissed with prejudice. Any remaining state law claim contained in Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 15, 2008

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~4706046.wpd

---

[2] The constitutionality of this statute was upheld in *Jinks v. Richland County*, 538 U.S. 456 (2003).

10